# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-CA-01589-SCT

*CHRISTOPHER CONWAY BOYD*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 8/18/2000 |
| TRIAL JUDGE: | HON. ANDREW C. BAKER |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOE MORGAN WILSON |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | ANN LAMAR |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED- 12/13/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/3/2002 |

**BEFORE SMITH, P.J., COBB AND DIAZ, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. On June 13, 2000, Christopher Conway Boyd filed a motion for post-conviction relief in the DeSoto County Circuit Court. The circuit court denied the motion, holding that it was barred by the statute of limitations, by the doctrine of res judicata and by the prohibition against successive writs. Boyd appeals, raising the following issue (edited):

> **WHETHER THE LOWER COURT ERRED IN RULING THAT BOYD'S PCR MOTION WAS PROCEDURALLY BARRED IN SPITE OF CLAIMS OF NEWLY DISCOVERED EVIDENCE AND INTERVENING DECISIONS BY THE MISSISSIPPI SUPREME COURT.**

## FACTS

¶2. On January 20, 1987, Christopher Conway Boyd pled guilty to four counts of armed robbery and was sentenced by the DeSoto County Circuit Court to ten years on each count, to run consecutively. On November 14, 1994, Boyd filed a petition for post-conviction relief, asserting that his guilty pleas were

involuntary because he had not been informed of the minimum and maximum sentences and of his right against self-incrimination. The circuit court denied Boyd's PCR motion, and we affirmed without opinion. ***Boyd v. State***, 667 So.2d 1312 (Miss. 1995), *cert. denied,* 517 U.S. 1236, 116 S.Ct. 1882, 135 L.Ed.2d 177 (1996).

¶3. On June 13, 2000, Boyd filed the PCR currently before this Court, asserting the same arguments but alleging that they are not procedurally barred because of the existence of intervening authority in the form of an unpublished opinion in the appeal of one of Boyd's cellmates.[1]

## ANALYSIS

¶4. Any prisoner in custody under sentence of a court of record of the State of Mississippi may file a motion for post-conviction relief for any one of the reasons enumerated in Miss. Code Ann. § 99-39-5(1) (2000 & Supp. 2001), subject to the requirements of subsection (2), which provides in pertinent part:

> (2) A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in the case no appeal is taken, within three (3) years after the time from the judgment of conviction or sentence has expired, or in the case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had it been introduced at trial it would have caused a different result in the conviction or sentence. . . .

*Id.*

¶5. Furthermore, Miss. Code Ann. § 99-39-23(6), states in pertinent part:

> (6) . . . [A]ny order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. . . . [E]xcepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. . . .

*Id.*

¶6. In Boyd's PCR motion, he asserts that during his guilty plea he was not informed of his right against self-incrimination. Boyd further asserts that this violated his constitutional rights, implicating § 99-39-5(1)(a). Although Boyd concedes the existence of both a time bar and a bar to successive writs, he argues that they should not be applied to his motion due to the existence of intervening authority[2] in the form of ***Powell v. State***, 691 So.2d 1021 (Miss. 1996)(table)(No.95-KP-00895-SCT) . The State responds by pointing out that ***Powell*** is an unpublished opinion[3] which may not be used as a basis to seek relief. (*See* M.R.A.P. 35-A (b)). We agree with the State, but giving Boyd the benefit of the doubt, we have reviewed the

unpublished opinion. We find nothing therein which would provide Boyd the relief which he seeks.

¶7. Mississippi Rule of Appellate Procedure 35-A (b) states in pertinent part:

> Opinions in cases decided prior to the effective date of this rule which have not been designated for publication shall not be cited, quoted or referred to by any court or in any argument, brief or other materials presented to any court except in continuing or related litigation upon an issue such as res judicata, collateral estoppel or law of the case.

M.R.A.P. 35-A(b).

¶8. Boyd provides two arguments for why Rule 35-A should not bar his reliance on *Powell*, neither of which is persuasive. First, he argues that since his first PCR motion was filed in 1994 prior to the passage of M.R.A.P. 35-A, the bar should not be applied to him. Boyd cites no authority for this proposition, and the comments to Rule 35 clearly reflect that for some time prior to the Rule's passage this Court handed down opinions not for publication and which could not be cited. M.R.A.P. 35 cmt.

¶9. Boyd's second argument relies on an exception to Rule 35-A where the case is cited "in continuing or related litigation upon an issue such as res judicata, collateral estoppel or law of the case." Boyd notes that the circuit court dismissed his PCR in part because the issues raised by it were barred by res judicata, and Boyd argues that the implication of the doctrine of res judicata brings his own PCR within the exception. Again looking to the plain language of Rule 35-A, we conclude that the exception applies when res judicata, collateral estoppel, or the law of the case are invoked in subsequent litigation by or against one of the parties to the case for which the unpublished opinion was written. Thus, Boyd might be able to offer the unpublished opinion in his own case, but he cannot offer an unpublished opinion in a completely different case merely because his claims are barred by res judicata. Boyd's claims are procedurally barred and not properly before this Court.

## CONCLUSION

¶10. Based on the foregoing reasons, the trial court's judgment denying Boyd's motion for post-conviction relief is affirmed.

¶11. **AFFIRMED.**

**PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**

1. Boyd also argues that the lower court erred in denying his motion on grounds of res judicata. He asserts that because his first motion was never reviewed on its merits, but rather was dismissed as time barred, then res judicata should not be an issue at all. Assuming arguendo that Boyd is correct, it avails him nothing, as he concedes that his second motion is also time barred unless one of the statutory exceptions to the time bar applies. As this opinion makes clear, no such exception applies.

2. Actually, Boyd uses the phrases "intervening authority" and "newly discovered evidence" interchangeably. It appears that "intervening authority" is what Boyd actually meant, since the sole basis he offers for overcoming the procedural bar is an opinion of this Court, albeit an unpublished one. He takes the position that an opinion issued subsequent to his conviction represents "newly discovered evidence" which can be

grounds for relieving him from judgment pursuant to M.R.C.P. 60(b)(3). Boyd cites no authority in support of this proposition, and we conclude that the Post-Conviction Relief Act represents his sole remedy at this time.

3. In *Powell,* we per curiam affirmed denial of Powell's PCR as time barred, citing **Bevill v. State**, 669 So. 2d 14, 17 (Miss. 1996)(merely raising a claim of ineffective assistance of counsel is not sufficient to surmount the time-bar and that failure to advise a defendant of maximum and minimum sentences does not implicate a "fundamental constitutional right" sufficient to except a case from the procedural bar of Section 99-39-51). Further, we concluded that the question of whether Powell was informed that he would waive his right against self-incrimination by pleading guilty and whether such a claim would waive the time bar were not properly before the Court, since the record reflected that Powell had been informed about that right.