ROBERTS, J., for the Court:
¶ 1. This appeal stems from Jonathan McGriggs’s motion for post-conviction relief (PCR) filed on August 4, 2011. The Copiah County Circuit Court entered an order on December 28, 2011, dismissing McGriggs’s PCR motion as being time-barred and successive-writ barred. The circuit court also imposed sanctions on McGriggs. McGriggs appeals the circuit court’s decision.
FACTS AND PROCEDURAL HISTORY
¶ 2. On March 5, 2001, McGriggs, represented by counsel, appeared before the circuit court to enter a guilty plea to a charge of murder, reduced from capital murder. He was sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC). McGriggs first filed a PCR motion on November 21, 2002. This motion was dismissed by the circuit court, and McGriggs did not appeal that dismissal. He filed a second PCR motion on December 2, 2002, and the circuit court again dismissed the motion. McGriggs appealed that dismissal; however, this Court affirmed the circuit court’s dismissal. McGriggs v. State, 877 So.2d 447, 450 (¶ 11) (Miss.Ct.App. 2003). McGriggs filed another PCR motion on February 12, 2008. That motion was again dismissed by the circuit court, and this Court affirmed the dismissal. McGriggs v. State, 14 So.3d 746, 749 (¶ 13) (Miss.Ct.App.2009).
¶ 3. Undeterred, McGriggs filed yet another PCR motion on August 4, 2011, which is the subject of the current appeal. In an ordered entered on August 10, 2011, the circuit court dismissed this PCR motion, finding that McGriggs had failed to obtain permission from the Mississippi Supreme Court before filing the current PCR *628 motion. The circuit court further found that the PCR motion was a successive writ, and sanctioned McGriggs in the amount of $250 and prohibited him from filing any further motions in forma pauper-is until he paid that amount or was granted permission by the supreme court. McGriggs filed a motion with the supreme court for leave to proceed in forma pauper-is. The supreme court entered an order finding that McGriggs’s conviction and sentence had never been directly appealed on the merits; therefore, he did not need to obtain its permission before filing his PCR motion. The supreme court remanded McGriggs’s motion to proceed in forma pauperis back to the circuit court. The circuit court allowed McGriggs to proceed in forma pauperis on his appeal but dismissed McGriggs’s PCR motion as time-barred and successive-writ barred. The sanctions from the August 10, 2011 order were still imposed against McGriggs.
¶4. Feeling aggrieved by the dismissal of his fourth PCR motion, McGriggs now appeals arguing that his guilty plea was involuntary because he was coerced into pleading guilty and that he was not informed that he was waiving his constitutional right to avoid self-incrimination.
ANALYSIS
¶ 5. The standard of review this Court employs when reviewing a circuit court’s dismissal of a PCR motion is that a circuit court’s factual findings will only be reversed if they are determined to be clearly erroneous. Bell v. State, 95 So.3d 760, 763 (¶ 7) (Miss.Ct.App.2012) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). Issues of law receive a de novo review. Id.
¶ 6. Mississippi Code Annotated section 99-39-5(2) (Supp.2012) provides that a person who enters a guilty plea shall file a PCR motion within three years from the date of the judgment of conviction. Pursuant to the statute, the following are the three exceptions to this time-bar: (1) An intervening decision of the Mississippi Supreme Court or the United States Supreme Court that would have adversely affected the outcome of the PCR movant’s conviction or newly discovered evidence that would have caused a different outcome in his conviction; (2) biological evidence, such as DNA evidence, that is capable of being tested and “that testing would demonstrate by reasonable probability that the [PCR movant] would not have been convicted or would have received a lesser sentence if favorable results had been obtained”; and (3) the PCR movant’s “sentence has expired or his probation, parole[,] or conditional release has been unlawfully revoked.” Miss.Code Ann. § 99-39-5(2)(a)-(b).
¶ 7. Additionally, Mississippi Code Annotated section 99-39-23(6) (Supp.2012) states that “any order dismissing the [PCR] motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” This section prohibits a PCR movant from filing successive PCR motions. Section 99-39-23(6) contains the same exceptions enumerated in section 99-39-5(2)(a)-(b).
¶8. MeGriggs’s current PCR motion clearly falls within the parameters of the procedural bars in both section 99-39-23(6) and section 99-39-5(2). His guilty plea was entered in March 2001, and his current PCR motion was not filed until over ten years later. This is well outside of the three-year time period found in section 99-39-5(2). Further, the issues he raises in his current PCR motion do not fall under an exception within which we can properly address the merits of his PCR motion. Therefore, we find that the *629 circuit court was correct m finding that McGriggs was time-barred from bring his current PCR motion.
¶ 9. Additionally, the circuit court correctly found that McGriggs’s PCR motion was also barred under section 99-39-23(6). This section prevented him from filing a successive PCR motion when his previous PCR motion had been filed and an order dismissing or denying the PCR motion had been entered. This is McGriggs’s fourth PCR motion since entering his guilty plea in 2001. Including this opinion, McGriggs has a total of three published opinions by this Court all involving his filing of PCR motions. As was stated above, McGriggs has not presented any evidence that this PCR motion falls within one of the enumerated exceptions. We find the circuit court was correct in dismissing McGriggs’s PCR motion as successive-writ barred as well.
¶ 10. We recognize that the supreme court has held that errors affecting fundamental constitutional rights are not subject to the procedural bars of the Uniform Post-Conviction Collateral Relief Act (UP-CCRA), such as the time-bar or successive-writ bar. See Rowland v. State, 42 So.3d 503, 508 (¶ 16) (Miss.2010). McGriggs’s claims of an involuntary plea and a failure to be informed that he has a right to not say anything to incriminate himself have not been determined by the supreme court to be fundamental constitutional rights; therefore, he is subject to the procedural bars of the UPCCRA.
¶ 11. Because we find that the circuit court properly dismissed McGriggs’s PCR motion as time-barred and successive-writ barred, we do not address the issues McGriggs raises in his brief.
¶ 12. We also note that the circuit court imposed sanctions against McGriggs for his repeated filing of PCR motions. Pursuant to Mississippi Rule of Appellate Procedure 38, this Court or the supreme court may also impose sanctions for a frivolously filed appeal. If this Court or the supreme court finds an appeal is frivolous, it “shall award just damages and single or double costs to the appellee.” M.R.A.P. 38. “An appeal is frivolous when, objectively speaking, the appellant has no hope of success.” McCoy v. City of Florence, 949 So.2d 69, 85 (¶ 61) (Miss.Ct.App.2006) (citations omitted). We recognize that McGriggs has a right to appeal an unfavorable judgment; however, it was clear that McGriggs was time-barred and successive-writ barred from filing his PCR motion and that his issues did not fall within any of the statutory exceptions. While we do not impose sanctions on McGriggs for filing a frivolous appeal at this time, we warn him that such is possible for any future objectively frivolous filings.
¶ 13. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF AND IMPOSING SANCTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR. BARNES, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.