# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-00681-COA

CHRISTOPHER CONWAY BOYD A/K/A                    APPELLANT
CHRISTOPHER C. BOYD A/K/A
CHRISTOPHER BOYD

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2013 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | TATE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN W. MARTIN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: LADONNA C. HOLLAND |
| | BARBARA WAKELAND BYRD |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED: 09/09/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2013-CP-00684-COA

CHRISTOPHER CONWAY BOYD A/K/A                    APPELLANT
CHRISTOPHER C. BOYD A/K/A
CHRISTOPHER BOYD

v.

STATE OF MISSISSIPPI                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2013 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |

COURT FROM WHICH APPEALED: TATE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: JONATHAN W. MARTIN
ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LADONNA C. HOLLAND
BARBARA WAKELAND BYRD
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION: MOTION FOR POST-CONVICTION RELIEF
DISMISSED
DISPOSITION: AFFIRMED: 09/09/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     This appeal stems from the Tate County Circuit Court's denial of Christopher Conway

Boyd's motion for post-conviction relief (PCR) based on procedural bars. After review, we

find that Boyd has not asserted a claim that exempts his motion from procedural bars.

Accordingly, we affirm the judgment.

## PROCEDURAL HISTORY

¶2.     Christopher Conway Boyd pleaded guilty on January 20, 1987, to four counts of

armed robbery and was sentenced to ten years for each count, with the sentences to run

consecutively.[1] At his plea colloquy, the circuit judge asked Boyd if he was aware he was

giving up certain constitutional rights by pleading guilty. The specific rights enumerated by

the judge were the (1) right to a jury trial, (2) the right to assistance of counsel, (3) the right

---

[1] The transcript of the guilty-plea hearing indicates that two of the counts originated in DeSoto County, Mississippi; the other two in Tate County, Mississippi. It also stated that Tate County was the circuit court that held jurisdiction, although the hearing was held at the DeSoto County courthouse. Therefore, Boyd's current motion for post-conviction relief was filed in Tate County.

to appeal, and (4) the right to confront his accusers. Boyd responded in the affirmative. However, the circuit court did not inform Boyd that he was waiving his right against self-incrimination.

¶3. Seven years later, on November 14, 1994, Boyd filed a PCR motion, claiming his guilty pleas were involuntarily entered because he had not been informed of the minimum and maximum sentences and his fundamental right against self-incrimination. The circuit court summarily denied the motion as procedurally barred under Mississippi Code Annotated section 99-39-5(2) (Rev. 1994), and the Mississippi Supreme Court (in a three-judge panel decision) affirmed without an opinion. *See Boyd v. State*, 667 So. 2d 1312 (Miss. 1996).

¶4. Boyd filed a second PCR motion in 2001, asserting the same issues, but arguing that they were not procedurally barred based on intervening authority in the form of an unpublished opinion, *Powell v. State*, 691 So. 2d 1021 (Miss. 1996) (table) (No. 95-KP-00895-SCT). His motion was again denied by the circuit court, and the supreme court affirmed, finding that under Mississippi Rule of Appellate Procedure 35-A(b), Boyd could not rely on an unpublished opinion. Thus, his claims were procedurally barred.[2] *Boyd v. State*, 801 So. 2d 691, 693-94 (¶¶7-9) (Miss. 2001).

¶5. On July 10, 2012, Boyd filed the PCR motion considered in the present appeal, again

---

[2] Rule 35-A(b) states:

Opinions in cases decided prior to the effective date of this rule which have not been designated for publication shall not be cited, quoted or referred to by any court or in any argument, brief or other materials presented to any court except in continuing or related litigation upon an issue such as res judicata, collateral estoppel or law of the case.

3

asserting that his guilty plea was involuntary, due to the circuit court judge's failure to inform Boyd that he was waiving his right against self-incrimination. Boyd argued that intervening authority, *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), exempted his petition from procedural bars. In *Rowland*, the Mississippi Supreme Court held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act (UPCCRA)]." *Id.* at 507 (¶12). However, the circuit court dismissed Boyd's motion without an evidentiary hearing, ruling that Boyd's claim was "not sufficient to invoke the fundamental rights exception set forth in *Rowland*." Boyd subsequently filed a motion to vacate or amend the order, which the circuit court also denied, and Boyd now appeals the court's judgment.

¶6. We find the failure to inform Boyd of his right against self-incrimination does not exempt his motion from procedural bars under *Rowland*, and we affirm the circuit court's dismissal.

## STANDARD OF REVIEW

¶7. "When reviewing the denial or dismissal of a PCR motion, we will only disturb the circuit court's factual findings if they are clearly erroneous." *Bell v. State*, 117 So. 3d 661, 663 (¶5) (Miss. Ct. App. 2013) (citing *Beal v. State,* 58 So. 3d 709, 710 (¶2) (Miss. Ct. App. 2011)). Findings of law are reviewed de novo. *Id*.

## DISCUSSION

**Whether the advisement of the right against self-incrimination when entering a guilty plea is a fundamental right pursuant to *Rowland* that exempts Boyd's PCR petition from procedural bars.**

¶8. There is no question that Boyd's PCR motion is subject to procedural bars since it was

4

filed outside the three-year statute of limitations and is a successive writ. *See* Miss. Code Ann. §§ 99-39-5(2) & 99-39-23(6) (Supp. 2013). However, Boyd argues that intervening authority issued since his prior PCR motion, specifically *Rowland*, overcomes any procedural bars and allows the court to address the merits of his argument. Boyd contends that he was never told by the circuit judge he was giving up his fundamental right against self-incrimination and, had he been informed of this fact, he would not have pled guilty.

¶9.     In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court firmly established:

> Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. *First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth.* Second, is the right to trial by jury. Third, is the right to confront one's accusers. *We cannot presume a waiver of these three important federal rights from a silent record.*

*Id*. at 243 (emphasis added and internal citations omitted). Therefore, for a guilty plea to be knowingly and voluntarily given, a court must make an affirmative showing on the record that the defendant "has a full understanding of what the plea connotes and of its consequence." *Id*. at 244.[3] In *Boykin*, the trial court asked no questions of the defendant concerning his guilty plea, and the defendant did not address the court. Thus, there was no showing in that record that the defendant's guilty plea was knowing and voluntary.

---

[3] Boyd cited and discussed *Boykin* in his original PCR motion in 1994 to support his claim. However, neither the courts, nor the State, addressed *Boykin*'s holding, as it pertained to Boyd's prior motions. The Mississippi Supreme Court has relied on *Boykin* in *Alexander v. State*, 226 So. 2d 905, 910 (Miss. 1969) (pre-UPCCRA collateral attack not involving procedural bars), and *Chunn v. State*, 669 So. 2d 29, 32 (Miss. 1996) (conviction set aside where there was no indication that defendant had ever pled guilty).

5

¶10. Boyd contends that *Boykin* stands for the proposition that a failure to advise a defendant of his right against self-incrimination is the same as a violation of that right. We disagree. *Boykin* has not been interpreted to require reversal of a guilty-plea conviction upon the failure of the court to specifically advise the defendant of his rights. In fact, within a year of *Boykin*, the Supreme Court, in *Brady v. United States*, 397 U.S. 742 (1970), upheld a guilty plea, even though the trial court had not specifically advised the defendant of the rights identified in *Boykin*. The *Brady* Court noted that "[t]he new element added in *Boykin* was the requirement that the record must affirmatively disclose that a defendant who pleaded guilty entered his plea understandingly and voluntarily." *Id*. at 747 n.4. In *People v. Mosby*, 92 P.3d 841 (Cal. 2004), the California Supreme Court held:

> [T]he United States Supreme Court "has never read *Boykin* as requiring explicit admonitions on each of the three constitutional rights," but instead looks to the test set out in *North Carolina v. Alford*, 400 U.S. [25,] 32 [(1970)], which asks "'whether the plea represents a voluntary and intelligent course among the alternative courses of action open to the defendant.'"

*Id*. at 845 (citations omitted).

¶11. In *United States v. Frontero*, 452 F.2d 406, 415 (5th Cir. 1971), the United States Court of Appeals for the Fifth Circuit:

> This [c]ourt is, however, aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence," within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted.

*Id*. at 415. After *Boykin*, Rule 11 of the Federal Rules of Criminal Procedure, which governs a defendant's entry of a plea, was revised to include a more detailed list of requirements for

6

the trial court in order to ensure the defendant's guilty plea was voluntarily given. Among those requirements was the duty of the trial court to inform a defendant of the important rights identified in *Boykin*, including the right against self-incrimination. Subsequent federal case law and a 1983 amendment to Rule 11 have somewhat softened the procedural requirements of Rule 11, which now includes a "harmless error" provision under subsection (h). *See generally State v. Finney*, 834 N.W.2d 46, 51-56 (Iowa 2013) (history of Federal Rule 11). There is no per se rule in the federal system requiring automatic reversal for failure to advise a defendant of his rights at the time of his guilty plea.[4]

¶12.    Several jurisdictions agree that no other Supreme Court case has required that a defendant in a criminal case be specifically advised of any particular rights in order for the guilty plea to be constitutionally valid. *See, e.g., Wilkins v. Erickson*, 505 F.2d 761, 763 (9th Cir. 1974) ("Specific articulation of the *Boykin* rights is not the sine qua non of a valid guilty plea. . . . *Boykin* does not require specific articulation of the above mentioned three rights in a state proceeding."); *McChesney v. Henderson*, 482 F.2d 1101, 1106 (5th Cir. 1973) ("[N]o rule of criminal procedure was mandated by *Boykin,* and there is no express requirement that specific articulation of the three constitutional rights above mentioned be given to the accused at the time of the acceptance of a plea of guilty . . . ."); *Wade v. Coiner,* 468 F.2d

---

[4] In *United States v. Timmreck*, 441 U.S. 780, 782 (1979), the Supreme Court held that collateral relief from a guilty plea will not be granted when the respondent's "only claim is of a technical violation of the Rules," without an argument that had he been aware of the violation, he would not have pled guilty. *See also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (Defendant seeking reversal of his conviction as a result of guilty plea "must show a reasonable probability that, but for the error, he would not have entered the plea.")

1059, 1060 (4th Cir. 1972) ("[W]e reject the contention . . . [that] Wade was entitled to specific mention as to the several constitutional rights waived by entry of the plea."); *Carter v. Brooks,* 2001 WL 169584, at *6-7 (D. Conn. 2001) (The Supreme Court has "in no way intimated the precise terms of the inquiry that the trial judge should make of a defendant before accepting his plea" and "a guilty plea will not be invalidated simply because of the district court's failure . . . to enumerate one or more of the rights waived by the defendant as the result of such a plea.").

¶13.    In Mississippi, since *Rowland*, only four types of "fundamental rights" have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims. No cases in our appellate courts have held that a trial court's failure to advise a defendant, on the record, of his right against self-incrimination is a constitutional violation sufficient to surmount the PCR procedural bars.[5] In fact, in *McGriggs v. State*, 117 So. 3d 626, 629 (¶10) (Miss. Ct. App. 2012), this Court determined that a defendant's claims of an involuntary plea, and the circuit court's failure to inform him that he has a right against self-incrimination, "ha[d] not been determined by the supreme court to be fundamental constitutional rights." Therefore,

---

    [5] We acknowledge there are cases that do not involve procedural bars in which our courts have held that the failure to advise the defendant of this right warranted an evidentiary hearing. In *Horton v. State*, 584 So. 2d 764, 768 (Miss. 1991), the supreme court held that the defendant was entitled to an evidentiary hearing on his PCR motion where the record failed to show that he was advised of his rights against self-incrimination, but there is no indication that the claim would have been subject to any procedural bars. In *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992), although the defendant was entitled to an evidentiary hearing because the transcript did not reflect advisement of the right against self-incrimination, the PCR motion was timely and properly filed, and there were no procedural bars at issue.

we concluded that McGriggs's petition for PCR was "subject to the procedural bars of the UPCCRA." *Id*. Boyd argues on appeal that our holding in *McGriggs* is contrary to precedent and should be overruled as such. We reject Boyd's claim. Although we provided limited analysis of this issue in *McGriggs*, our holding is in accord with our discussion of the federal cases above and the distinction between the right to be informed of a *Boykin* important right and the constitutional right itself.

¶14. Unlike the "silent record" in *Boykin*, the guilty-plea transcript shows that Boyd understood that he had the right to go to trial rather than plead guilty and that he would have the assistance of counsel, with whom he was satisfied, throughout that trial. Boyd also acknowledged that he understood that he would be giving up his right to a trial by jury of his peers and the right to confront witnesses and to appeal his conviction if he entered his guilty plea. He also informed the court that he had not been threatened, mistreated, or tricked into pleading guilty and that he was pleading guilty because "I did it."

¶15. Boyd does contend that he would not have pleaded guilty if he had been advised of his rights against self-incrimination, but he does so in a conclusory fashion without explaining why. He does not claim that he thought, based on the failure to advise him of this right, he was compelled to incriminate himself and plead guilty. Nor does he claim that he thought the State could call him to the witness stand and compel him to testify against himself. The first position is refuted by the entire nature of the guilty-plea hearing. It was clear from the exchanges between the judge and Boyd that the court would not take his guilty plea unless it was something Boyd voluntarily wanted to do. Nothing in this transcript supports the proposition that Boyd thought that he must admit his guilt in that proceeding.

9

It is unreasonable for Boyd to claim that he felt compelled to incriminate himself by stating his guilt. Likewise, Boyd does not claim, and points to nothing in the record to show, that because the judge said nothing to correct this notion, Boyd believed he could be compelled to take the stand at trial and admit his guilt.

¶16. Since Boyd has failed to show the violation of a fundamental constitutional right, his claim is procedurally barred. We note, however, that the record clearly establishes that his guilty plea was knowing and voluntary. Accordingly, we affirm the circuit court's dismissal of Boyd's PCR motion.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TATE COUNTY.**

**LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. IRVING, P.J., AND JAMES, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**