# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01558-COA

BRIAN WILLIAMS A/K/A BRYAN WILLIAMS                    APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

DATE OF JUDGMENT:           08/22/2013
TRIAL JUDGE:                HON. MARGARET CAREY-MCCRAY
COURT FROM WHICH APPEALED:  SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     BRIAN WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
                            BY: LISA L. BLOUNT
NATURE OF THE CASE:         CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:    DISMISSED MOTION FOR POST-
                            CONVICTION COLLATERAL RELIEF
DISPOSITION:                AFFIRMED: 10/07/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     Brian Williams appeals the summary dismissal of his third motion for post-conviction

collateral relief (PCCR).  Because we find his motion is successive, not excepted from the

procedural bar, and without merit, we affirm the circuit court's dismissal.

¶2.     Williams was indicted in Sunflower County Circuit Court, along with other

individuals, in a multi-count indictment, for offenses involving robbery at a bar.  In October

2009, he pled guilty to one count of armed robbery, in violation of Mississippi Code

Annotated section 97-3-79 (Rev. 2006), and one count of aggravated assault in violation of

Mississippi Code Annotated section 97-3-7(2) (Rev. 2006). He was sentenced to concurrent terms of eighteen years on each charge, with five years suspended and thirteen years to serve, followed by five years of post-release supervision. His first PCCR motion was considered in *Williams v. State*, 98 So. 3d 1090 (Miss. Ct. App. 2012), where we affirmed the denial of his PCCR motion that alleged speedy-trial violations. His second PCCR motion was considered in *Williams v. State*, 110 So. 3d 840 (Miss. Ct. App. 2013), where we affirmed the denial of his second PCCR motion, which challenged the voluntariness of his guilty plea and ineffective assistance of counsel due to an alleged inadequate factual basis for the plea.

¶3.    Williams filed his third and most recent PCCR motion on July 23, 2013. In that motion, Williams alleged that his indictment was defective because it failed to allege all the essential elements of armed robbery and aggravated assault, and that his attorney was ineffective for failing to challenge these defects. The circuit court summarily dismissal the motion without an evidentiary hearing. The court held that the motion was procedurally barred as a successive writ under Mississippi Code Annotated section 99-39-23(6) (Supp. 2013).[1]

¶4.    "We review the dismissal of a PCR motion under an abuse-of-discretion standard. We will only reverse if the circuit court's decision was clearly erroneous. We review questions of law de novo." *Williams,* 110 So. 3d at 842 (¶11) (internal citation omitted). Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), an order "denying relief . . . is

---

[1] The day after the circuit court dismissed Williams's PCCR motion, Williams filed a "motion to amend post-conviction collateral relief," raising essentially the same complaints. No ruling on this motion is in the record, and it is not before the Court.

a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6). Under limited circumstances, a successive writ may be permitted. "When a subsequent PCR motion is filed, [t]he burden falls on the movant to show he has met a statutory exception. Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Williams*, 110 So. 3d at 843 (¶15) (internal citations and quotation marks omitted).

¶5. In this motion, Williams claimed that his motion survives any procedural bars because it alleges the indictment was defective because it failed to list the essential elements of the crimes to which he pled guilty. Williams claims that his armed-robbery count failed to contain the elements of armed robbery. This grammatically imperfect count of the indictment read:

> That Brian Williams [and three other named individuals in Hinds County] . . . on or before August 31, 2006, in and upon David Gardner did unlawfully, wilfully and feloniously make an assault and they, the said Brian Williams [and the three other named individuals] did then and there by the exhibition of a deadly weapon, to-wit: a gun, unlawfully, wilfully and feloniously put in bodily fear of immediate injury to his person, and money of the personal property of All The Marbles of the total and aggregate value of more than one dollar from the presence or from the person and against the will of the said David Gardner did then and there unlawfully, wilfully, feloniously and violently take, steal and carry away . . . .

¶6. Williams's PCCR motion contended that this count omitted an essential element of the crime but did not explain what element was omitted. Williams then contended that this count was defective because it differed from a police report he attached to his motion, which

3

concerned an assault on a different individual. In his brief, Williams now claims a different defect. He argues that this count did not charge him with "feloniously tak[ing] the personal property of another," or that the taking was by "the exhibition of a deadly weapon."

¶7. As to the claim that the indictment differed from a police report, Williams pled guilty to the facts charged in the indictment. "[A] valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991) (citing *Ellzey v. State*, 196 So. 2d 889, 892 (Miss. 1967)). As long as those facts charged a crime, the indictment was sufficient. The claim that the facts alleged in the indictment varied from a police report was waived by the guilty plea, in addition to violating the successive-writ bar.

¶8. Since Williams filed his PCCR motion pro se, we must review it liberally. *Evans v. State*, 725 So. 2d 613, 678 (¶280) (Miss. 1997). Thus, we examine whether the indictment missed an element of armed robbery. Williams's argument concerns the element of felonious taking by force. While Williams's indictment may be considered grammatically challenged,[2] it sufficiently charged Williams with the taking of the property of another and that it was done by exhibiting a deadly weapon – a gun. *See Register v. State*, 232 Miss. 128, 133, 97 So. 2d 919, 922 (1957) (crime of armed robbery requires taking the personal property of another through violence or threat of violence by the exhibition of a deadly weapon). We

---

[2] In *Henderson v. State*, 445 So. 2d 1364 (Miss. 1984), the Mississippi Supreme Court held that perfect grammar is not essential for a valid indictment. "Establishment of a literate bar is a worthy aspiration. 'Tis without doubt a consummation devoutly to be wished. Its achievement, however, must be relegated to means other than reversal of criminal convictions justly and lawfully secured." *Id.* at 1368. Williams's indictment would receive a far higher grade than the "F" Henderson's indictment received.

4

find that Williams pled guilty to a valid charge of armed robbery and there was no violation of a fundamental constitutional right here.

¶9. Williams also claims that his aggravated-assault count was defective; it read:

> Brian Williams [and three other named individuals in Hinds County] . . . on or before August 31, 2006[,] did unlawfully, wilfully and feloniously cause or attempt to cause bodily harm to Thomas Lott by hitting him with a deadly weapon, to-wit: a gun used as a club . . . .

¶10. Williams's motion complains that the count is defective because it charges an assault different than the one set out in a police report attached to his motion. As set forth above, this claim was waived by Williams's guilty plea.

¶11. In his brief, Williams argues that this count is defective because it leaves out the qualifier "serious" as it relates to bodily injury. Williams was charged under Mississippi Code Annotated section 97-3-7(2) (Rev. 2006). At that time, the statute had two relevant subsections. Subsection (a) applied to an assault that involved serious bodily injury, but without the use of a deadly weapon. Subsection (b) applied to assaults with a deadly weapon, but causing mere "bodily injury." Williams pled guilty to the charge of the use of a deadly weapon; so only "bodily injury," and not "serious bodily injury," was required. We find no violation of a fundamental constitutional right as to this issue.

¶12. Williams also claimed that his counsel was ineffective to not correct the defects discussed above. We addressed a prior ineffective-assistance-of-counsel claim by Williams:

> The Mississippi Supreme Court has consistently held that the UPCCRA's procedural bars "apply to post-conviction relief claims based on ineffective assistance of counsel." An ineffective-assistance claim requires showing: (1) counsel's performance was deficient and (2) prejudice resulted. Though "it is conceivable that under the facts of a particular case, a lawyer's performance was so deficient, and so prejudicial to the defendant[,] that the defendant's

5

fundamental constitutional rights were violated," our supreme court "has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar." However, we need not decide that issue today, as we find Williams fails to support his ineffective-assistance-of-counsel claim under *Strickland* with specific facts to overcome the strong presumption that his counsel's performance was sufficient.

*Williams,* 110 So. 3d at 844 (¶21) (internal citations and punctuation omitted).

¶13. Since the efficacy of Williams's ineffective-assistance-of-counsel claims rests on his meritless challenges to his indictment, these claims are likewise without merit.

¶14. Therefore, because Williams's third PCCR motion does not raise any issue that involves a violation of fundamental constitutional rights, it is procedurally barred as a successive writ. The circuit court was correct to hold, under Mississippi Code Annotated section 99-39-23(6), that the motion was barred. Further, the procedural bar notwithstanding, we find no merit to the motion. Therefore, we affirm the judgment of the circuit court.

¶15. **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**