# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01911-COA

**BRIAN WILLIAMS A/K/A BRYAN WILLIAMS**          **APPELLANT**
**A/K/A BRIAN ANDREW WILLIAMS**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

DATE OF JUDGMENT:      11/06/2015
TRIAL JUDGE:      HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:      SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      BRIAN WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE:      OFFICE OF THE ATTORNEY GENERAL
     BY: BILLY L. GORE
NATURE OF THE CASE:      CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:      DISMISSED MOTION FOR
     POSTCONVICTION RELIEF
DISPOSITION:      AFFIRMED - 01/24/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1. Brian Williams appeals the summary dismissal of his fourth motion for postconviction relief (PCR). Finding that Williams's motion is both successive-writ barred and time-barred, and not excepted from the procedural bars, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Williams was indicted by a Sunflower County grand jury for various offenses arising from the commission of a robbery. Williams pled guilty to one count of armed robbery and one count of aggravated assault. For each count, he was sentenced to eighteen years, with

five years suspended and thirteen years to serve, and five years of postrelease supervision. The sentences were ordered to run concurrently.

¶3. Williams's first PCR motion alleged speedy-trial violations and was denied by the trial court; we affirmed in *Williams v. State,* 98 So. 3d 1090, 1093 (¶18) (Miss. Ct. App. 2012). His second PCR motion challenged the voluntariness of his guilty plea and alleged ineffective assistance of counsel. Finding no merit to his claims, we again affirmed the trial court's dismissal of his PCR motion and also found his PCR motion was procedurally barred as a successive writ. *Williams v. State,* 110 So. 3d 840, 845 (¶23) (Miss. Ct. App. 2013). In Williams's third PCR motion, also dismissed by the trial court, he claimed the indictment was defective for failure to allege all the essential elements of armed robbery and aggravated assault and ineffective assistance of counsel for his attorney's failure to challenge the defects. In *Williams v. State* 158 So. 3d 1171, 1175 (¶14) (Miss. Ct. App. 2014), we affirmed the trial court's dismissal of Williams's third PCR motion, both on the merits and finding the motion procedurally barred as a successive writ.

¶4. Williams filed a fourth PCR motion. The trial court dismissed the motion as both time-barred and successive-writ barred. Williams now appeals, asserting that (1) the trial court erred by dismissing his PCR motion without reviewing the evidence he presented to support his claims; (2) the trial court violated his Sixth Amendment right to due process by failing to advise him of his constitutional right to cross-examine adverse witnesses; (3) the evidence submitted by the State was insufficient as a matter of law to sustain a conviction; and (4) he received ineffective assistance of counsel.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Thinnes v. State,* 196 So. 3d 204, 207-08 (¶10) (Miss. Ct. App. 2016) (quoting *Carson v. State,* 161 So. 3d 153, 155 (¶2) (Miss. Ct. App. 2014)).

## DISCUSSION

¶6. Under the Uniform Postconviction Collateral Relief Act (UPCCRA), "any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article." Miss. Code Ann. § 99-39-23(6) (Rev. 2015). However, a successive writ may be permitted if the movant can show that a statutory exception applies. *Williams,* 158 So. 3d at 1173 (¶4). The UPCCRA also imposes a time-bar for PCR motions: "A motion for relief under this article shall be made[,] . . . in case of a guilty plea, within three (3) years after entry of the judgment of conviction." Miss. Code Ann.§ 99-39-5 (Rev. 2015). "Errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA. But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Williams,* 158 So. 3d at 1173 (¶4) (citation omitted). This PCR motion is Williams's fourth. And it was filed over three years from his conviction. Therefore, to survive both the successive-writ bar and time-bar, Williams bears the burden of showing he has met a statutory exception to these procedural bars. *Id.*

## I. Defective Indictment

¶7. On appeal, Williams argues his motion survives any procedural bars because his indictment was defective in that it charged David Gardner, the victim, with the commission of the crimes. This is not so. Williams misrepresents the indictment. The indictment clearly states "That Brian Williams[,] . . . *in and upon* David Gardner[,] did [commit armed robbery.]" This language clearly charges Williams as the wrongful actor, who committed armed robbery "in and upon" David Gardner – the victim. And while this Court has previously acknowledged that the indictment is grammatically imperfect, we found that it sufficiently charged Williams with all the elements of armed robbery. *See Williams*, 158 So. 3d at 1174 (¶8). Williams's attempt to ignore portions of the indictment naming himself as the perpetrator in efforts to misconstrue the indictment is disingenuous.

## II. Summary Dismissal

¶8. Williams also contends that the trial court erred when it summarily dismissed his fourth PCR motion without reviewing the evidence supporting his claim. The UPCCRA states that "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). The trial court did just that. It is plain from the face of Williams's motion that he is not entitled to relief as his claims lack merit – notwithstanding that his claims have been considered by the trial court and this Court at least four times. The trial court, citing *Rowland v. State,* 42 So. 3d 503, 506 (¶9) (Miss. 2010), properly noted that

4

"fundamental constitutional rights are exceptions from the procedural bars of the UPCCRA, [but] mere assertions of constitutional-rights violations do not suffice to overcome this bar." The trial court found – and we agree – that Williams failed to do more than merely assert his constitutional rights had been violated. And he did not point to any new evidence or meritorious arguments that differ from his previous three PCR motions. We find no error by the trial court.

### III. Right to Cross-Examine Adverse Witnesses

¶9. Williams alleges the trial court violated his Sixth Amendment right to due process by failing to advise him of his constitutional right to cross-examine adverse witnesses before it accepted his guilty pleas. It is true that a defendant must be told that a guilty plea involves a waiver of the right to confront adverse witnesses. *Mosley v. State,* 150 So. 3d 127, 132 (¶17) (Miss. Ct. App. 2014).

¶10. The guilty-plea transcript shows that Williams understood that he had the right to trial by jury, the right to challenge adverse evidence presented at trial, and the right against self-incrimination. During his plea colloquy, Williams specifically acknowledged and waived his "right to be present and to challenge any evidence that comes in against [him] at trial." Certainly this encompasses the right to cross-examine adverse witnesses.

¶11. Regardless, only *fundamental*-constitutional-rights violations overcome the UPCCRA's procedural bars. In Mississippi, "only four types of fundamental rights have been expressly found to survive PCR procedural bars: (1) double jeopardy; (2) illegal sentence; (3) denial of due process at sentencing; and (4) ex post facto claims." *Boyd v.*

5

*State,* 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014). And just as this Court has previously determined that a trial court's failure to inform a defendant that he has a right against self-incrimination does not violate a fundamental constitutional right, likewise, a trial court's failure to specifically enumerate the defendant's right to cross-examine adverse witnesses is not a violation of a fundamental right. *See id.* (citing *McGriggs v. State,* 117 So. 3d 626, 629 (¶10) (Miss. Ct. App. 2012)). Here, we find no violation of a fundamental constitutional right; thus, Williams cannot overcome the procedural bars.

### IV.    Ineffective Assistance of Counsel

¶12.    Williams again asserts ineffective assistance of counsel in his fourth PCR motion. To prevail on a claim for ineffective assistance of counsel, Williams must prove that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This Court has held in PCR cases that "where a party offers only his affidavit, then his ineffective[-]assistance claim is without merit." *Alford v. State,* 185 So. 3d 429, 432 (¶16) (Miss. Ct. App. 2016). Williams offers nothing – apart from his own assertions – to demonstrate that he received ineffective assistance of counsel. And because Williams's ineffective-assistance claim rests upon his other claims, which we have found have no merit, this claim is also without merit.

¶13.    **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON AND GREENLEE, JJ., CONCUR. WESTBROOKS, J., NOT PARTICIPATING.**

6