# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00259-COA

**JEROLD WAYNE SMITH A/K/A JEROLD**                    **APPELLANT**
**SMITH A/K/A GERALD WAYNE SMITH A/K/A**
**JEROLD W. SMITH**

**v.**

**STATE OF MISSISSIPPI**                                          **APPELLEE**

DATE OF JUDGMENT:              02/23/2017
TRIAL JUDGE:                  HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:    FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       JEROLD WAYNE SMITH (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY:  BILLY L. GORE
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED: 02/06/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.

### FAIR, J., FOR THE COURT:

¶1.    In 1986, Jerold Wayne Smith pled guilty to armed robbery.  The court sentenced him

to fifteen years in the custody of the Mississippi Department of Corrections, to be served

either concurrently or consecutively with three prior sentences.  In 2016, Smith filed a

petition for post-conviction relief (PCR), claiming his fifteen-year sentence had expired.  The

circuit court dismissed the petition, finding it without merit.  In addition, "since the only issue

that overcomes the time[-]bar is without merit," the court held the petition to be also

"untimely filed outside the applicable statute of limitations."  Finding no error, we affirm.

### STANDARD OF REVIEW

¶2. The circuit court may summarily dismiss a PCR motion without an evidentiary hearing "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2015). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive. *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999).

¶3. Our review of the summary dismissal of a PCR motion, a question of law, is de novo. *Id*.

**DISCUSSION**

¶4. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that a petitioner who pleads guilty has three years from the judgment of conviction to file his PCR motion unless his claim fits within one of the specified exemptions; subsection 5(2)(b) states that the three-year limit is excepted in "cases in which the petitioner claims that his sentence has expired." Miss. Code Ann. § 99-39-5(2)(b).

¶5. Smith claims that his fifteen-year sentence is expired and he should be granted an exception. However, in its sentencing order, the court directed that Smith's fifteen-year sentence be served *concurrently* with a prior sentence in Jackson County and another prior sentence in Harrison County, but that the sentence in question be served *consecutively* to a life sentence in Harrison County. Because Smith's fifteen-year sentence is being served consecutively to a prior life sentence, he cannot successfully argue that his sentence is

2

expired. Consequently, his motion is time-barred.

¶6.     We acknowledge that "[e]rrors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Williams v. State*, 158 So. 3d 1171, 1173 (¶4) (Miss. Ct. App. 2014) (citation omitted). But "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Id*. After review of the record, we find Smith's claims are only "mere assertions" and nothing more. Thus, we affirm the circuit court's judgment that Smith's claim is time-barred and without merit.

¶7.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**