BRIDGES, J.,
for the court.
¶ 1. Raymond Faye pled guilty to felony robbery and was sentenced to fifteen years. On or about March 12, 2002, he filed a petition in post-conviction relief seeking to set aside his conviction and sentence for robbery. On September 27, 2002, he subsequently filed a “Motion to Amend Post-Conviction or in the Alternative Hold Post-Conviction in Abeyance.” Faye asserted in this motion that he wished to amend his prior petition to include additional constitutional violations. Faye did not specify what these additional violations were. On October 7, 2002, his motion for post-conviction collateral relief was dismissed by the Circuit Court of Pearl River County. On October 30, 2002, Faye filed a motion to alter or amend judgment in an attempt to have the circuit court vacate its order denying relief on the original motion. He also sought to file an amended motion again wanting to include unspecified constitutional violations. The court later dismissed the motion to amend on October 30, 2002. From this decision, Faye appeals to this Court.
STATEMENT OF THE ISSUE
DID THE COURT ERR WHEN IT REFUSED TO VACATE ITS ORDER DENYING RELIEF ON FAYE’S MOTION IN POST-CONVICTION RELIEF SO AS TO PERMIT HIM TO FILE AN AMENDED MOTION?
FACTS
¶ 2. Raymond Faye was indicted by the grand jury of Pearl River County for the *394 felonies of robbery with a deadly weapon and conspiracy. Faye later signed and executed a “Petition to Enter Plea of Guilty,” in which he expressed an interest in pleading guilty to the felony of robbery. After questioning Faye extensively, the court accepted Faye’s plea of guilty to the felony of robbery, with a sentence of fifteen years. In his sworn petition, Faye acknowledged that he understood all of his rights and was satisfied with his attorney. Faye later filed a motion for post-conviction relief which was later amended to add additional constitutional violations. However, in his amended motion, Faye failed to state what constitutional violations he wished the court to address.
¶ 3. Faye’s motion for post-conviction relief was later denied by the trial court as being without merit. He now appeals to this Court to allow him to amend his initial motion for post-conviction relief.
ANALYSIS
DID THE COURT ERR WHEN IT REFUSED TO VACATE ITS ORDER DENYING RELIEF ON FAYE’S MOTION IN POST-CONVICTION RELIEF SO AS TO PERMIT HIM TO FILE AN AMENDED MOTION?
¶ 4. A trial court’s denial of a motion to amend a complaint is subject to an abuse of discretion standard of review. Southeastern Med. Supply, Inc. v. Boyles, Moak & Brickell Ins., Inc. 822 So.2d 323, 329-30(¶ 23) (Miss.Ct.App.2002); Taylor Mach. Works, Inc. v. Great Am. Surplus Lines Ins. Co., 635 So.2d 1357, 1362 (Miss.1994). In this case, the circuit court did not abuse its discretion when it denied Faye’s motion to amend.
¶ 5. Faye asks this Court to find that the trial court was incorrect when it disallowed Faye to amend his initial motion for post-conviction relief. Mississippi Rule of Civil Procedure 15(a) states in part:
[a] party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served.
Faye claims that he should have been able to amend his complaint because the State never served a responsive pleading. However, the State is not required to file a responsive pleading, so Faye should have filed his motion to amend accordingly within thirty days of serving his post-conviction relief motion. Miss.Code Ann. § 99-39-11(1) — (3) (Rev.2000). Faye, however, filed his initial motion in March and did not attempt to amend until September. Therefore, the circuit court did not err when it denied Faye’s motion to amend. Moreover, Faye’s motion to amend included an argument based on Mississippi Civil Procedure Rule 59(e). Rule 59 is for motions for new trials. Faye cannot invoke this rule because he never had a trial, he pleaded guilty. Therefore, his argument is without merit, and the circuit court did not abuse its discretion when it dismissed Faye’s claim.
¶ 6. Finally, Faye cites Ragland v. State, 586 So.2d 170 (Miss.1991). He argues that this ease demonstrates that the circuit court was required to permit him to amend his motion. This case holds that a filing in post-conviction relief is to be returned if it does not meet the form and procedural requirements of Mississippi Code Annotated section 99-39-3 (Rev.2000). Faye claims that his initial post-conviction relief filing was defective under the statute. However, the circuit court found Faye’s arguments in post-conviction relief to be without merit and not proeedurally defec *395 tive. Therefore, Ragland is not on point here and the circuit court did not abuse its discretion when it dismissed Faye’s claim.
¶ 7. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR.