RUSSELL, J.,
for the Court:
¶ 1. Brian Williams appeals the Sunflower County Circuit Court’s denial of his motion for post-conviction relief (PCR). Finding no error, we affirm.
FACTS
¶ 2. In February 2010, Williams filed a PCR motion asserting that: (1) his federal and state rights to a speedy trial had been violated; (2) his attorney had rendered ineffective assistance of counsel by failing to pursue Williams’s speedy-trial claim; and (3) the circuit clerk and district attorney violated his due-process rights by withholding his “motion to dismiss charges for failure to provide a fast and speedy trial” from the circuit judge. Williams attached several documents to support his claims, including an affidavit from his mother.
¶ 3. In April 2010, Williams filed a motion to stay proceedings, which also requested permission to amend his February 2010 PCR motion. Specifically, Williams wanted to ensure his PCR motion complied with the procedural requirements in Mississippi Code Annotated section 99-39-9 (Supp.2011) and to correct the authorities he had cited on the standard of review. The circuit court never ruled on his motion to stay proceedings or his request to amend his PCR motion.
¶ 4. In May 2010, Williams filed an amended PCR motion asserting that: (1) his guilty plea was involuntary; (2) his attorney rendered ineffective assistance of counsel by advising him to plead guilty; (3) his attorney rendered ineffective assistance of counsel by allowing him to plead guilty to crimes for which there was no factual basis; and (4) the circuit court abused its discretion by accepting his guilty pleas. His May 2010 motion included an additional affidavit from his sister.
*1092 ¶ 5. In September 2010, the circuit court denied Williams’s PCR motion. The circuit court’s order noted it had considered and denied Williams’s motion to dismiss for failure to provide a speedy trial; therefore, no motions had been withheld from the circuit court. Finally, the circuit court stated Williams had not provided a legal or factual basis to support his claim for ineffective assistance of counsel. The circuit court’s order did not address whether Williams’s guilty pleas were involuntary.
¶ 6. Williams appealed. For our discussion, we have combined Williams’s issues on appeal. Williams argues that: (1) his guilty pleas were involuntary; (2) his attorney rendered ineffective assistance of counsel by advising him to plead guilty and by failing to pursue his speedy-trial claim; and (8) his federal and state rights to a speedy trial were violated.
DISCUSSION
¶ 7. This Court will not reverse the circuit court’s denial of a PCR motion unless the circuit court’s factual findings are clearly erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). “However, where questions of law are raised[,] the applicable standard of review is de novo.” Id.
I. Guilty Pleas
¶8. Williams asserts the circuit court erred by not determining whether there was a factual basis for his guilty pleas. Williams admits the circuit court explained his right to a jury trial, the presumption of innocence, and the State’s burden to prove guilt beyond a reasonable doubt. Williams refers to his codefendants’ petitions to enter guilty pleas and the transcript to one codefendant’s plea hearing, which he attached to his appellate brief. Williams asserts this evidence is insufficient to form a factual basis for his guilty pleas.
¶ 9. The State, however, argues Williams failed to raise this issue in his February 2010 PCR motion; therefore, this issue is not properly before this Court.
¶ 10. In rebuttal, William argues his motion to temporarily stay proceedings was a request to amend his February 2010 PCR motion.
¶ 11. A prisoner must move to amend his PCR motion within thirty days of filing. See Faye v. State, 859 So.2d 393, 394 (¶¶ 5-6) (Miss.Ct.App.2003). Since the prisoner in Faye filed his initial PCR motion in March and his motion to amend in the following September, we rejected the prisoner’s claim that the circuit court improperly denied his motion to amend his PCR motion. Id. Further, “[i]t is the duty of the movant, when a motion or other pleading is filed ... to pursue said motion to hearing and decision by the court.” URCCC 2.04.
¶ 12. In this case, Williams’s motion to amend was filed more than thirty days after his PCR motion was filed. Further, he failed to secure a ruling on his motion to amend. Therefore, the volun-tariness of his guilty pleas is not properly before this Court. Procedural bar notwithstanding, Williams failed to provide any evidence that his guilty pleas were not voluntarily given. This issue is procedurally barred and also lacks merit.
II. Ineffective Assistance of Counsel
¶ 13. Williams asserts that his attorney rendered ineffective assistance of counsel by insisting that Williams plead guilty. According to Williams, his attorney devoted much effort to getting Williams to accept a plea deal. For example, Williams asserts his attorney staged a “mock trial” at his office in which a jury found him guilty — all in efforts to scare Williams into taking a plea deal. Williams also states his *1093 attorney became “mad and hysterical” when Williams told him he wanted to go to trial. In support of his argument, Williams included an affidavit from his mother, who witnessed the mock trial and heard Williams tell his attorney that he did not want to accept a plea deal. Finally, Williams also asserts his attorney rendered ineffective assistance of counsel by failing to pursue his speedy-trial claim.
¶ 14. For Williams to be successful in his claim of ineffective assistance of counsel, he must prove that: (1) “counsel’s performance was deficient,” and (2) “the deficient performance prejudiced the defense.” Strickland, v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 15. Williams’s claim that his attorney coerced his guilty pleas was not raised in his February 2010 PCR motion and is, therefore, not properly before this Court. Procedural bar notwithstanding, Williams provides no evidence to show his attorney’s alleged actions caused him to plead guilty. Williams also fails to show he would have prevailed at trial had he not pleaded guilty. Therefore, his claim that his attorney coerced his guilty pleas is procedurally barred and also lacks merit.
¶ 16. Williams’s second reason for alleging ineffective assistance of counsel also fails because the circuit court considered and denied his speedy-trial motion. Therefore, this issue lacks merit.
III. Speedy Trial
¶ 17. Finally, Williams asserts his federal and state rights to a speedy trial have been violated. By entering valid guilty pleas, however, Williams waived his constitutional and statutory rights to a speedy trial. Anderson v. State, 577 So.2d 390, 391-92 (Miss.1991). And as noted above, the circuit court considered and denied his speedy-trial motion. Therefore, this issue lacks merit.
¶ 18. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.