KITCHENS, JUSTICE,
FOR THE COURT:
¶ 1. Charles Ray Crawford, a Mississippi death row inmate, filed a civil lawsuit, pursuant to Title 42, United States Code, Section 1983, in the Chancery Court of the First Judicial District of Hinds County, alleging various federal constitutional claims relating to the anesthetic, a compounded version of pentobarbital not approved by the United States Food and Drug Administration (FDA), to be utilized in his execution. The chancery court, following a hearing, transferred the case to the Circuit Court of the First Judicial District of Hinds County where the Mississippi Department of Corrections (MDOC) renewed its motion to dismiss. The circuit court granted the motion to dismiss, holding that the Section 1983 claims were the same as or similar to issues which were at the time pending in the Mississippi Supreme Court. For the reasons articulated below, we reverse the judgment and remand the case to the circuit court.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1994, a jury convicted Charles Ray Crawford of capital murder, rape, burglary, and sexual battery, and he received a death sentence in the Circuit Court of Tippah County. Crawford v. State, 716 So.2d 1028 (Miss. 1998), cert. denied, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 458 (1998), reh’g denied, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 458, 143 L. Ed. 2d 99 (1999). On appeal, the Mississippi Supreme Court affirmed Crawford’s conviction and death sentence. Id. at 1053.
¶ 3. Crawford sought a writ of habeas corpus in the United States District Court for the Northern District of Mississippi, which was denied in 2008. Crawford v. Epps, 2012 WL 3777024, *4 (N.D. Miss. Aug. 29, 2012) (citing Crawford v. Epps, 2008 WL 4419347 (N.D. Miss. Sept. 25, 2008)). The United States Court of Appeals for the Fifth Circuit vacated judgment and remanded the case for further consideration. Crawford, 2012 WL 3777024, at *4 (citing Crawford v. Epps, 353 Fed.Appx. 977, 994 (5th Cir. 2009)). On remand, the district court dismissed Crawford’s petition for writ of habeas corpus with prejudice. Crawford, 2012 WL 3777024, at *11. The Fifth Circuit affirmed. Crawford v. Epps, 531 Fed.Appx. 511, 522 (5th Cir. 2013), cert. denied, — U.S. -, 134 S.Ct. 1281, 188 L.Ed.2d 313 (2014).
¶ 4. The State’s February 24, 2014, Motion to Reset Execution Date was denied by the Mississippi Supreme Court on March 31, 2014, because Crawford’s direct appeal from his rape conviction remained pending. Crawford v. State, 2014-DP-01016-SCT (Miss. Mar. 31, 2014). This Court affirmed Crawford’s rape conviction. Crawford v. State, 192 So.3d 905 (Miss. 2015), cert. denied, — U.S. -, 136 S.Ct. 2527, 195 L.Ed.2d 855 (Mem.) (2016).
¶ 5. Crawford sought leave in the Mississippi Supreme Court to file a successive petition for post-conviction relief on February 25, 2014. This Court denied Crawford leave to proceed on August 4, 2016. See Crawford v. State, 2016 WL 4141748 (Miss. Aug. 4, 2016). Crawford’s motion for rehearing was denied by this Court on November 10, 2016.
¶ 6. Crawford, along with Michelle By- *47 rom,[1] filed the present Complaint for Equitable and Injunctive Relief in the Chancery Court of the First Judicial District of Hinds County on March 28, 2014. The complaint was filed under 42 U.S.C. § 1983 and alleged “violations and threatened violations of ... rights to due process and to be free from cruel and unusual punishment under the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and art. 3, sections 14, 24, and 28 of the Mississippi Constitution.”
¶ 7. The MDOC filed a motion to dismiss under Mississippi Rules of Civil Procedure 12(b)(1) and 12(b)(6).The Chancery Court of the First Judicial District of Hinds County, after a hearing on June 12, 2014, acknowledged in an order entered on July 21, 2014, that Crawford had sought equitable and declaratory relief, but ruled that the “Complaint is actually based upon alleged violations of Plaintiffs’ constitutional rights and seeks a determination of the same.” Accordingly, finding the claims to be “legal in substance,” the chancery court determined it lacked subject matter jurisdiction and transferred the case to the Circuit Court of the First Judicial District of Hinds County.
¶ 8. The MDOC renewed its motion to dismiss and the Circuit Court of the First Judicial District of Hinds County granted the MDOC’s motion to dismiss on October 30, 2014, “as Plaintiff Charles Crawford currently has the same or similar issues under review before the Mississippi Supreme Court.” Crawford appealed both the chancery court’s order of transfer and the circuit court’s order of dismissal on November 12, 2014.
DISCUSSION
1. The circuit court erred in finding that Crawford had the same or similar claims pending before this Court at the time the present Section 1983 lawsuit was filed.
¶ 9. The circuit court granted the MDOC’s motion to dismiss because “Plaintiff Charles Crawford currently has the same or similar issues under review before the Mississippi Supreme Court.” Crawford argues on appeal that no factual basis exists for the ruling because Crawford’s motion for leave to file a successive petition for post-conviction relief did not include the method-of-execution claim challenging Mississippi’s lethal injection protocol, which was advanced in the present Section 1983 civil suit. The MDOC’s brief does not respond to Crawford’s first assignment of error.
¶ 10. To consider Crawford’s argument, this Court must look outside the record to Crawford’s Motion for Leave to File Successive Petition For Post-Conviction Relief, filed in this Court on February 25, 2014. “This Court takes judicial notice of its files.” In re Dunn, 166 So.3d 488, 492 n.6 (Miss. 2013). In his motion for leave to file a successive petition for post-conviction relief, Crawford presented no argument relating in any manner to the method-of-execution issue that is pled in his Section 1983 suit. The circuit court’s order therefore is factually mistaken. “ ‘When considering jurisdictional issues the Court sits in the same position as the trial court, “with all facts as set out in the pleadings or exhibits, and may reverse regardless of whether the error is manifest.” ’ ” Canadian Nat’l Ry. Co. v. Waltman, 94 So.3d *48 1111, 1115 (Miss. 2012) (quoting Knight v. Woodfield, 50 So.3d 995, 998 (Miss. 2011)).
¶ 11. Because the dismissal clearly was erroneous, we reverse. We remand for a consideration of the legal sufficiency of Crawford’s complaint under Mississippi Rule of Civil Procedure 12(b)(6).
2. Challenges to the constitutionality of the State’s method of execution may be brought pursuant to 42 U.S.C. § 1983 in state court.
¶ 12. The MDOC argues that the Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides Crawford’s exclusive remedy: “[t]he purpose [of the UP-CCRA] is to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences.” Miss. Code Ann. § 99-39-3(1) (Rev. 2015) (emphases added).
¶ 13. The MDOC correctly states that this Court has held that “[a] pleading cognizable under the UPCCRA will be treated as a motion for post-conviction relief that is subject to the procedural rules promulgated therein, regardless of how the plaintiff has denominated or characterized the pleading.” Knox v. State, 75 So.3d 1030, 1035 (Miss. 2011) (citing Edmond v. Miss. Dep’t of Corrs., 783 So.2d 675, 677 (Miss. 2001)). Moreover, MDOC claims that “[b]y requesting an injunction prohibiting the State from carrying out his execution, Crawford mounted a collateral attack against the execution of his death sentence.”
¶14. Crawford, however, filed this civil action pursuant to 42 U.S.C. § 1983, which provides the following:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....
42 U.S.C. § 1983. In his Section 1983 suit, Crawford raises various constitutional claims relating to the specific lethal injection drugs the MDOC intends to employ to carry out his execution.
¶ 15. The United States Supreme Court considered a similar case in which the plaintiff challenged the constitutionality of Florida’s lethal injection protocol pursuant to Section 1983. Hill v. McDonough, 547 U.S. 573, 576, 126 S.Ct. 2096, 165 L.Ed.2d 44 (2006). The question before the Court was whether the plaintiffs “claim must be brought by an action for a writ of habeas corpus under the statute authorizing that writ ... or whether it may proceed as an action for relief under 42 U.S.C. § 1983. Id. The United States District Court for the Northern District of Florida treated the Section 1983 claim as a petition for writ of habeas corpus and dismissed it as successive, and the United States Court of Appeals for the Eleventh Circuit affirmed. Id. at 578, 126 S.Ct. 2096.
¶ 16. The United States Supreme Court reversed and remanded, noting an important distinction. Id. at 585, 126 S.Ct. 2096. “ ‘Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.’ ” Id. at 579, 126 S.Ct. 2096 (quoting Muhammad v. Close, 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) (per curiam)). Conversely, “[a]n inmate’s challenge to the circumstances of his confine *49 ment ... may be brought under § 1983.” Id.
¶ 17. The Court applied Nelson v. Campbell, 541 U.S. 637, 644, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004), in which it had held that the plaintiff properly had used Section 1983, as opposed to filing a petition for writ of habeas corpus, to challenge Alabama’s planned use of a “cut down” procedure during his execution by lethal injection. The Court in Nelson had observed that “[i]n a State such as Alabama, where the legislature has established lethal injection as the preferred method of execution ... a constitutional challenge seeking to permanently enjoin the use of lethal injection may amount to a challenge to the fact of the sentence itself.” Id. But the Court continued, “[a] suit seeking to enjoin a particular means of effectuating a sentence of death does not directly call into question the ‘fact’ or ‘validity’ of the sentence itself—by simply altering its method of execution, the State can go forward with the sentence.” Id.
¶ 18. The Hill Court likewise observed that, “[i]f the relief sought would foreclose execution, recharacterizing a complaint as an action for habeas corpus might be proper.” Hill, 547 U.S. at 582, 126 S.Ct. 2096. The Court found that Hill’s “complaint does not challenge the lethal injection sentence as a general matter but seeks instead only to enjoin the respondents ‘from executing [Hill] in the manner they currently intend.’ ” Id. at 580, 126 S.Ct. 2096. Specifically, Hill claimed that “the anticipated protocol allegedly causes ‘a foreseeable risk of ... gratuitous and unnecessary’ pain.” Id. And “[although the injection of lethal chemicals is an obvious necessity for the execution, Hill alleges that the challenged procedure presents a risk of pain the State can avoid while still being able to enforce the sentence ordering a lethal injection.” Id. at 581, 126 S.Ct. 2096. The Court further determined that “Hill’s challenge appears to leave the State free to use an alternative lethal injection procedure ...” and that “[u]nder these circumstances a grant of injunctive relief could not be seen as barring the execution of Hill’s sentence.” Id. at 580-81, 126 S.Ct. 2096.
¶ 19. Here, as in Hill, Crawford has alleged that the “MDOC’s decision to use compounded drugs, specifically a compounded anesthetic that has not been tested or approved by the United States Food and Drug Administration (‘FDA’), means that Plaintiffs may be conscious throughout their executions and will experience a torturous death by suffocation and cardiac arrest.” Crawford is not seeking to preclude Mississippi from carrying out his execution by .lethal injection altogether. He asserts that Mississippi’s planned use of compounded lethal injection drugs presents an unnecessary risk of inflicting gratuitous pain during the execution in violation of the. Eighth and Fourteenth Amendments to the United States Constitution and of Article 3, Sections 14 and 28, of the Mississippi Constitution.
¶ 20. Further, state courts possess concurrent jurisdiction of suits brought pursuant to Section 1983 with their federal counterparts. Felder v. Casey, 487 U.S. 131, 139, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (citing Patsy v. Bd. of Reyents of Fla., 457 U.S. 496, 506-507, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)). “Without a doubt the courts of this State have the authority to hear and adjudge a claim under § 1983.” City of Jackson v. Powell, 917 So.2d 59, 74 (Miss. 2005) (citing Barrett v. Miller, 599 So.2d 559, 564 (Miss. 1992)). “This authority is present even though the statute is not specifically cited .by name in the complaint.” Powell, 917 So.2d at 74 (citing Hood v. Miss. Dep’t of Wildlife Conservation, 571 So.2d 263, *50 267 (Miss.1990)). “This authority is strengthened by the duty and obligation our courts have to enforce federally created rights.” Powell, 917 So.2d at 74 (citing Burrell v. Miss. State Tax Comm’n, 536 So.2d 848, 863 (Miss. 1988)).
¶ 21. The United States Supreme Court has held that method-of-execution claims may be brought pursuant to Section 1983. Section 1983 claims are cognizable in state court. Crawford may proceed with his Section 1983 claim in state court.
3. Whether the Chancery Court of the First Judicial District of Hinds County erred by transferring Crawford’s Section 1983 suit to the Circuit Court of the First Judicial District of Hinds County.
¶22. On July 21, 2014, the Chancery Court of the First Judicial District of Hinds County sua sponte ordered this case to be transferred to the Circuit Court of the First Judicial District of Hinds County after finding the claims to be “legal in substance.” Crawford did not file a notice of appeal until November 12, 2014, nor was a petition for interlocutory appeal timely filed pursuant to Mississippi Rule of Appellate Procedure 5(a). Accordingly, the transfer order is not before this Court at present and we decline to address the issue.
4. Whether Crawford’s complaint states a claim upon which relief can be granted.
¶23. As discussed above, the Circuit Court of the First Judicial District of Hinds County never ruled on the MDOC’s dismissal sought under Mississippi Rule of Civil Procedure 12(b)(6), but instead granted dismissal because “Crawford currently has the same or similar issues under review before the Mississippi Supreme Court.” Because of the mistaken factual basis upon which the circuit court granted the MDOC’s motion to dismiss, we remand this case for a consideration of the sufficiency of Crawford’s complaint under Mississippi Rule of Civil Procedure 12(b)(6).
CONCLUSION
¶24. Because the Circuit Court of the First Judicial District of Hinds County erroneously dismissed Crawford’s Section 1983 lawsuit on the basis of a factual misapprehension, we reverse and remand.
¶ 25. REVERSED AND REMANDED.
DICKINSON, P.J., LAMAR, KING AND COLEMAN, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, P.J., AND BEAM, J.; MAXWELL, J., JOINS IN PART. MAXWELL, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY WALLER, C.J.; RANDOLPH, P.J., AND BEAM, J., JOIN IN PART.

. Byrom’s claims in this case were dismissed voluntarily following the Mississippi Supreme Court’s vacating her capital murder conviction. See Byrom v. State, 2014-DR-00230-SCT (Miss. Mar. 31, 2014)