WILSON, J.,
FOR THE COURT:
¶1. Donald Mitchell pled guilty to possession of cocaine with intent to distribute and was sentenced to thirty years in the custody of the Mississippi Department of *279 Corrections (MDOC), with twenty years suspended and ten years to serve. Mitchell had been indicted as a violent habitual offender and thus faced a life sentence without the possibility of parole if found guilty at trial.
¶2. Mitchell subsequently filed a motion for post-conviction relief (PCR), claiming that he received ineffective assistance of counsel and that his plea was involuntary. Both claims are based on Mitchell’s allegation that his attorneys coerced him into pleading guilty and abandoned a meritorious motion to suppress evidence. The circuit court summarily dismissed Mitchell’s PCR motion. We affirm because Mitchell’s motion to suppress lacked merit; therefore, his attorneys did not provide ineffective assistance by advising him to accept the State’s plea offer, and his plea was not involuntary.
FACTS AND PROCEDURAL HISTORY
¶3. Donald Mitchell was indicted as a violent habitual offender, Miss. Code Ann. § 99-19-83 (Rev. 2015),[1] for possession of cocaine with intent to distribute. His indictment resulted from a search of an apartment on West Capitol Street in Jackson. Detective Kevin Dear of the Jackson Police Department obtained a warrant for the search from a Jackson municipal judge. Dear’s signed statement of “Underlying Facts and Circumstances,” which was attached to and specifically incorporated by reference in Dear’s affidavit for the search warrant, stated as follows:
In August of 2008, Detectives of the Jackson Police Department’s Narcotics Division were told of a subject named “Black” who was operating a “trap house” on Capitol Street, at 2100 Capitol, in a red brick two story building. (A trap house is a residence that is used by the drug dealer during the hours that the dealer sells narcotics but one [in which] the dealer does not live.)
The suspect “Black” was identified as Donald Mitchell, [and] was said to be a convicted felon. The suspect was said to be in possession of a substantial amount of crack cocaine.
Anonymous sources have also called in tips to the Narcotics office giving very specific details of this subject’s activities which were independently verified through our resources.
Also, on Wednesday, September 3, 2008, a black male in this parking lot by the back door to this apartment tried to flag undercover narcotics detectives down in an attempt to sell them illegal narcotics. The suspect was not apprehended due to him escaping on foot.
The residence is at 2100 Capitol Street, the bottom apartment on the western side of the building. The numbers have been removed preventing exact determination of the apartment number.
On September 4, 2008, Detectives spoke with a confidential and reliable source that has been proven reliable in the past by giving true and accurate information in the area of narcotics trafficking in and around the city of Jackson. This source states that the house is controlled by “Black” who the source identified as Donald Mitchell. The C.I. (confidential informant) stated that the back door to this apartment is where the transactions take place and that this door is “fortified,” meaning there are dead fall locks using large pieces of wood which would prevent speedy entry by Police Officers.
*280 This C.I. stated that he or she has seen a large amount of crack cocaine being stored and distributed at this location by this suspect and that the suspect is selling the cocaine from this apartment[,] and the C.I. states that he or she has seen this within the past twenty-four hours.
,,. Therefore, it is requested that a search warrant be issued for 2100 Capitol Street, bottom western apartment, which is operated and under the control of a subject named Donald Mitchell.
[signature] Detective Kevin Dear Jackson Police Department Narcotics Division [2]
¶4. The municipal judge found that probable cause for the search existed and issued the warrant. The return on the warrant states that it was received “on the 4th day of September 2008” and executed “on the 4th day of September 2008,” with the date, month, and year handwritten on the form. On the warrant and the affidavit, however, the municipal judge wrote in “Aug” on the lines for the month. But as noted above, the affidavit specifically incorporates by reference Dear’s signed statement of “Underlying Facts and Circumstances,” which was also attached to the affidavit. Dear’s statement specifically discusses events that occurred on September 3 and September 4. Obviously, the judge could not have witnessed an affidavit or issued a warrant based on events that did not occur for another month. The only logical conclusion that can be drawn is that “Aug” was a scrivener’s error.
¶5. Mitchell was represented at trial by privately retained counsel who filed a number of pretrial motions; however, he did not file a motion to suppress or any other motion alleging irregularity in the issuance or execution of the search warrant. At trial, the search warrant and the supporting affidavit, together with the attached Underlying Facts and Circumstances, were admitted into evidence as a single exhibit, S-2, The entire exhibit was also included in Mitchell’s record excerpts in his direct appeal from his subsequent conviction. Dear testified at trial that the search warrant was issued on September 4, 2008. He also testified that he and other officers executed the search warrant “[o]n the same day [they] obtained it.” Mitchell’s brief in his initial appeal similarly stated that the judge granted the search warrant on September 4, 2008, and that officers executed the warrant the same day. On direct appeal, Mitchell did not raise any issue as to the validity of the search warrant.
¶6. Following a jury trial, Mitchell was convicted of possession of cocaine with intent to distribute, and the circuit court sentenced him to life imprisonment without parole as a violent habitual offender. On appeal, the Mississippi Supreme Court held that the circuit court abused its discretion by allowing the admission of evidence of Mitchell’s prior convictions for drug possession. The Supreme Court therefore remanded Mitchell’s case to the circuit court for a new trial. Mitchell v. State, 110 So.3d 732, 735 (¶ 14) (Miss. 2013).
¶7. On remand, the Hinds County Public Defender’s Office was appointed to represent Mitchell, and a different assistant district attorney represented the State. Mitchell’s new attorney filed a motion to suppress, alleging that the search warrant was invalid because it was executed a month after it was issued in violation of Mississippi Code Annotated section 41-29- *281 157(a)(3) (Rev. 2013)[3] and the Fourth Amendment, to the United States Constitution. The motion attached the search warrant and affidavit and relied on the apparent scrivener’s errors in those documents; however, the motion, failed to attach the signed statement of Underlying Facts and Circumstances as part of the affidavit.
¶8. The motion was served on the State on October 9, 2013. The State offered to allow Mitchell to plead guilty as a non-habitual offender and to recommend a sentence of thirty years with twenty years suspended and ten years to serve. But the State told Mitchell that the offer woüld expire on October 10, 2013. In other words, Mitchell could either accept the State’s offer or litigate his motion to suppress, but he could not do both.
¶9. At a hearing in the circuit court on October 10, 2013, Mitchell’s, counsel advised the court as follows:
I’ve explained to the defendant, and I’d like to put this on the record, that this is a case that he has already been found guilty by a jury one time, and it’s been reversed by the [Supreme] [C]ourt, as the Court is well aware; that he is a [99-]19-83 habitual, meaning if the jury finds him guilty of anything in this case, he is facing life in prison.
The State has put an offer on the table today that is 30 years, 20 suspended, 10 to serve. I’ve explained to him, and the sticking point here is we—and I understand his concern, and we have filed a motion which we have served on the State and on the Court, motion to suppress the evidence in this case based on a bad search warrant.
The search warrant—and the motion will be presented to the Court, but I’ve explained to him that the State • has made this offer and-that it expires today, as the State has informed me. - - -
If the offer goes off the table, then We have no choice but to go back to trial'on this case; that if we go to trial and he is convicted again, he is facing life in prison.
But I’ve explained to him that it is not—I can’t decide what this young man needs to do with his life. This is his decision and his decision only. ,
And I’ve explained- to him that-,he needs to announce to the Court whether he wants to go ahead and accept, the offer of the State,..which is a 10 year sentence or—and it’s as ⅜ non-habitual .with no enhancements, so he will be eligible for good time credit through the MDOC system, whatever credit that might be. The lawyers are no. longer allowed to advise what that, realistically will mean. ...
But I’ve explained to him that—he understands the plea. He understands that if we go back and he is found guilty, he is facing life in prison again.
And I, of course, as an attorney' 1 can’t make a recommendation one way or another of how we will do at trial because I will never tell a client' ever we will win this or we will lose it.‘I just can’t do that because I don’t know.'
*282 That being said, it’s his opportunity to announce to the Court whether he wants to accept the State’s offer or whether he wants another trial.
¶10. The court then asked Mitchell what he wanted to do, and Mitchell said that he wanted to pursue his motion to suppress and go to trial. Based on Mitchell’s decision, the court began reviewing its schedule for an open trial date. The prosecutor then reiterated that the State’s plea offer would be revoked based on Mitchell’s decision. In response, Mitchell’s attorney asked for a brief recess so that she and two other attorneys in her office “could speak with [Mitchell] for just a moment.” The court agreed, stating, “I certainly don’t want to rush him because I know it’s a very important decision.”
¶11. After a brief recess, Mitchell informed the court that he wanted to accept the State’s offer and plead guilty. Mitchell testified under oath that he had conferred with all three attorneys about his decision and that he was satisfied with the advice they had given him. He testified that he understood everything in his plea petition and that no one had threatened him or coerced him in any way in order to get him to plead guilty. The court advised Mitchell of the rights that he would waive by pleading guilty, and Mitchell testified that he understood. See URCCC 8.04(A)(4)(c). The State recited the factual basis of the plea, and Mitchell testified that he agreed with it. Mitchell then pled guilty, and the court found that his plea was entered freely and voluntarily after he had been advised of his rights by counsel and by the court.
¶12. The prosecutor then reiterated the State’s plea offer and recommended sentence of thirty years in MDOC custody, with twenty years suspended and ten years to serve. The prosecutor advised the court that the State’s offer was “based on some litigation risk associated with the search warrant, as well as an officer who was involved that was later indicted.” The prosecutor stated that the “officer was subsequently acquitted,” but there were “some issues surrounding” his indictment “that could come up at trial.”[4] The court accepted the State’s recommendation and sentenced Mitchell accordingly.
¶13. On May 19, 2015, Mitchell filed a PCR motion seeking to set aside his conviction. Mitchell’s PCR motion attached his previously filed motion to suppress, with the search warrant and affidavit but not the statement of Underlying Facts and Circumstances. In his motion, Mitchell alleged that his lawyer gave him “erroneous” advice—specifically, that she told him that the circuit court “would deny his motion” to suppress and sentence him to life without parole upon conviction. Mitchell maintains that this was bad advice because the search warrant was “stale” and invalid. He alleges that he was thereby “coerced” into abandoning the motion and pleading guilty. The circuit court summarily dismissed Mitchell’s motion without directing the State to respond.
DISCUSSION
¶14. We affirm the denial of Mitchell’s PCR motion for a straightforward reason: the motion’s foundational premise—that the search warrant was stale and invalid—is factually incorrect. The only logical conclusion that can be drawn is that the officers applied for and received the warrant on September 4, 2008, and executed it the same day. That the municipal judge mistakenly wrote *283 “Aug” on the form affidavit and warrant is of no consequence. A judge’s scrivener’s errors in an affidavit and warrant do not render the warrant invalid. See, e.g., United States v. Waker, 534 F.3d 168, 171-72 (2d Cir. 2008).
¶15. Because the allegations in the motion to suppress were factually inaccurate, the motion lacked merit, and Mitchell’s attorneys did not provide ineffective assistance. A claim of ineffective assistance requires proof (1) that counsel’s performance was seriously and objectively deficient and (2) that the defendant suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here, if Mitchell’s retrial had again ended with a guilty verdict, he faced a mandatory sentence of life in prison without the possibility of parole. He alleges that his attorneys prevailed upon him to accept the State’s offer of ten years to serve, with twenty years suspended, rather than pursue his motion to suppress. Based on the true facts, Mitchell’s motion to suppress was frivolous. Therefore, his attorneys alleged advice to abandon the motion and accept a favorable plea offer simply cannot establish a claim of ineffective assistance of counsel.
¶16. The above discussion draws primarily on the signed statement of Underlying Facts and Circumstances that was attached to and incorporated by reference in Dear’s affidavit supporting the search warrant. Because Mitchell did not attach this document to his PCR motion, it is not part of the clerk’s papers transmitted from the circuit clerk to this Court. However, for reasons that are not clear, the circuit clerk included the exhibits from Mitchell’s trial as part of the record in this appeal. As noted above, the statement of Underlying Facts and Circumstances was part of exhibit S-2, admitted into evidence at Mitchell’s trial, and was also included in his record excerpts in his prior appeal. Whether the document was properly included in the record in this appeal ultimately is of no significance. It was part of the record in the Supreme Court in Mitchell’s direct appeal, and this Court certainly can take judicial'notice of Supreme Court files. Crawford v. Fisher, No. 2014-CA-01606-SCT, 213 So.3d 44, 47-48, 2016 WL 7331043, at *2 (¶ 10) (Miss. Dec. 15, 2016). The same applies to Mitchell’s trial transcript and his brief and record excerpts in his prior appeal.
¶17. The dissent says that Detective Dear’s signed statement of Underlying Facts and Circumstances is “mysterious.” There is no mystery. To be absolutely clear, the statement was attached to and expressly incorporated by reference as part of the affidavit supporting the application for the search warrant, and it was introduced into evidence together with the affidavit as exhibit S-2 at Mitchell’s trial. These critical pages are missing from the record in only two places: (1) Mitchell omitted them from his post-remand motion to suppress, and (2) Mitchell again omitted them from his present PCR motion. We may take judicial notice of the complete affidavit because it is in the Supreme Court file as part of the record of Mitchell’s prior trial and appeal. We are not required to pretend as though it does not exist, ánd Mitchell cannot cast doubt on its authenticity simply by failing to attach it to his own motions.
¶18. We also acknowledge that the State has not pointed out that Mitchell’s argument is based on scrivener’s errors. The circuit court dismissed Mitchell’s motion without directing the State to respond, and the State’s brief on appeal argues that the circuit court’s ruling should be affirmed for other reasons. However, even if the State had confessed error, we would “have an obligation to examine the record to deter *284 mine whether the conviction should stand or be reversed.” McCollum v. State, 186 So.3d 948, 953 (¶ 19) (Miss. Ct. App. 2016) (citing Sibron v. New York, 392 U.S. 40, 58, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)). For the same reasons, regardless of whether the' State notices the issue, we should not set aside a valid conviction based on a post-conviction claim that is founded on an evident scrivener’s error.[5]
CONCLUSION
¶19. In summary, Mitchell was presented with a clear decision: pursue his motion to .suppress and risk a possible sentence of life without, the possibility of parole or accept the State’s offer of ten years to serve with twenty years suspended. He accepted the State’s offer, apparently with the encouragement of his attorneys. Whatever the. reasons for his attorneys’ advice, they advised him well, because his motion to suppress was factually without merit. Mitchell did not receive ineffective assistance. Accordingly, we affirm.
¶20. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
GRIFEIS,'P.J., BARNES, ISHEE, CARLTON, FAIR AND. GREENLEE, JJ., CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND WESTBROOKS, J.

. Mitchell has prior convictions for manslaughter and drug possession.

. Portions of the narrative were redacted at Mitchell's trial and are omitted above.

. This provision, which applies to warrants issued under the Uniform Controlled Substances Law, states that “[a] warrant issued pursuant to this section must be executed and returned within ten (10) days of its date unless, upon a showing of a need for additional time, the court orders otherwise.” Miss. Code Ann. § 41-29-157(a)(3). Rule 4.3(1) of the new Mississippi Rules of Criminal Procedure (effective July 1, 201.7) imposes, the same requirement. A leading treatise states that courts have '‘sometimes” suppressed evidence because of noncompliance with such provisions, "though other courts’ are disinclined to require suppression where there is no Fourth Amendment violation.” 2 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 4.7(a) (5th ed. 2012).

. Multiple officers were involved in the case. The prosecutor did not specify which officer was indicted and subsequently acquitted.

. Mitchell also claims that his plea was involuntary, but his sole argument is that his plea was involuntary because of his attorneys’ ineffective assistance. As his ineffective assistance claim is without merit, his involuntary plea claim necessarily fails as well.