# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-01027-COA

JEROLD WAYNE SMITH A/K/A JEROLD SMITH A/K/A GERALD WAYNE SMITH A/K/A JEROLD W. SMITH                    APPELLANT

v.

STATE OF MISSISSIPPI                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2017 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JEROLD WAYNE SMITH (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/09/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Jerold Wayne Smith appeals the Jackson County Circuit Court's denial of his motion for postconviction relief (PCR).  On appeal, Smith argues that:  (1) his sentence has expired, (2) he was subjected to double jeopardy, and (3) he was denied effective counsel.

¶2.     After our review, we find that Smith's double jeopardy and ineffective assistance of counsel claims are procedurally barred.  We also find that Smith's expired sentence claim is without merit and also time-barred.  We therefore affirm the trial court's denial of Smith's PCR motion.

### FACTS

¶3. In September of 1985, Smith was convicted of burglary of a business in Harrison County and sentenced to serve seven years as a habitual offender. In March of 1986, Smith was convicted of possession of a schedule II controlled substance in Harrison County, and the trial court sentenced him to life without eligibility for parole. The supreme court affirmed Smith's conviction of possession of a controlled substance and sentence to life imprisonment on direct appeal. *Smith v. State*, 527 So. 2d 660, 665 (Miss. 1988). Then, in June of 1986, Smith pled guilty to armed robbery in Jackson County. The trial court sentenced Smith to serve a term of ten years, with the sentence to run concurrently with Smith's seven year sentence for burglary of a business and consecutive to Smith's life sentence for possession of a controlled substance.

¶4. On October 7, 2016, Smith filed a PCR motion requesting that the trial court enter an order finding that his ten-year sentence for armed robbery had expired.[1] On February 9, 2017, Smith filed a motion for leave to file additional and supplemental pleadings in support of his PCR motion. That same day, and despite failing to receive permission from the trial court, Smith also filed his supplemental pleadings in support of his PCR motion, arguing: (1) that he was subjected to double jeopardy because "[he] was tried, convicted, and sentenced for both armed robbery and possessing the proceeds of that robbery," and (2) "it should be inferred that [he] was denied ineffective assistance of counsel" based on the alleged double jeopardy violation.

---

[1] In his PCR motion, Smith recognized the three-year time limit for filing a PCR motion under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015), but he argued that a claim of an expired sentence is an exception to the three-year time limit. We address this argument below.

¶5. On May 24, 2017, the trial court entered an order denying Smith's PCR motion. The trial court found no merit to Smith's claim that his sentence for his armed robbery conviction had expired and explained as follows:

> Part of Smith's sentence was to be served concurrently with Harrison County Cause Number 20,493 [(burglary of a business)]. After the sentence in Harrison County Cause Number 20,493 expired, Smith had three (3) years remaining on . . . [his armed robbery] sentence[,] [w]hich was to run *consecutively* with his sentence in Harrison County Cause Number 20,705 [(possession of a controlled substance)]. The remaining three (3) years would not begin to run until after completion of his life sentence in Harrison County Cause Number 20,705. As such his sentence has not expired[.]

¶6. On June 14, 2017, Smith filed his notice of appeal.[2] On July 14, 2017, Smith filed a motion for reconsideration, in which he also asked the trial court to rule on the double jeopardy claim and ineffective assistance of counsel claim raised in his February 9, 2017 supplemental pleadings. On October 11, 2017, the trial court entered an order denying Smith's motion for reconsideration. The trial court held that "[i]t plainly appears from the

---

[2] Smith attached a December 7, 2016 order from the Mississippi Supreme Court to his appellate brief in this case. In the order, the supreme court denied in part and dismissed in part Smith's application for leave to proceed in the trial court. This order does not appear in the record from the trial court. However, "this Court certainly can take judicial notice of [s]upreme [c]ourt files." *Mitchell v. State*, 218 So. 3d 278, 283 (¶16) (Miss. Ct. App. 2017). Additionally, "[a] court may look to any source it deems helpful and appropriate, including official public documents, records[,] and publications." *Enroth v. Mem'l Hosp. at Gulfport*, 566 So. 2d 202, 205 (Miss. 1990). Therefore, we look to Smith's motion for leave to proceed in the trial court, which he filed in the supreme court on June 8, 2016. *Crawford v. Fisher*, 213 So. 3d 44, 47-48 (¶10) (Miss. 2016). Smith's motion for leave to proceed in the trial court addresses Smith's claims regarding his armed robbery conviction in Forrest County. In *Smith v. State*, No. 2017-CP-00259-COA, 2018 WL 718433, at *1 (Miss. Ct. App. Feb. 6, 2018), *cert. denied*, 250 So. 3d 1270 (Miss. Aug. 23, 2018), this Court disposed of Smith's PCR claims stemming from his conviction and sentence for armed robbery in Forrest County. Therefore, the supreme court's December 7, 2016 order has no bearing on the present case, where Smith challenges his conviction and sentence for armed robbery in Jackson County.

3

[m]otion that [Smith] is not entitled to any relief as he has failed to bring any new facts or law that this [c]ourt should consider."

## STANDARD OF REVIEW

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Sims v. State*, 227 So. 3d 1167, 1168 (¶5) (Miss. Ct. App. 2017).

## DISCUSSION

¶8. In his October 7, 2016 PCR motion, Smith argued that his ten-year sentence for armed robbery had expired. The record reflects that on February 9, 2017, four months after filing his PCR motion, Smith filed a motion for leave to file additional or supplemental pleadings to set forth additional PCR claims of double jeopardy and ineffective assistance of counsel.

¶9. We have held that "[a] prisoner must move to amend his PCR motion within thirty days of filing." *Williams v. State*, 98 So. 3d 1090, 1092 (¶11) (Miss. Ct. App. 2012). Mississippi Rule of Civil Procedure 15(a) states that "[a] party may amend a pleading as a matter of course at any time before a responsive pleading is served, or, if a pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within thirty days after it is served."[3]

¶10. The record reflects that the trial court never ruled on Smith's motion for leave to file

---

[3] In Smith's motion for leave to file additional or supplemental pleadings, he cites to Mississippi Rule of Civil Procedure 15(b). However, it appears that Smith's motion actually falls within subsection (a) of Rule 15.

4

additional or supplemental pleadings. "It is the duty of the movant, when a motion or other pleading is filed, . . . to pursue said motion to hearing and decision by the court." URCCC 2.04; *see also Ryan v. State*, 245 So. 3d 491, 498 (¶20) (Miss. Ct. App. 2017). In *Williams*, 98 So. 3d at 1092 (¶12), the petitioner, Williams, filed his motion to amend his PCR motion more than thirty days after he filed his PCR motion. Williams also "failed to secure a ruling on his motion to amend." *Id*. This Court therefore held that Williams's PCR claim set forth in his motion to amend "[wa]s not properly before this Court" and thus procedurally barred. *Id*.

¶11. In the present case, because Smith filed his motion for leave to file additional or supplemental pleadings outside of the thirty day time limit, and because he failed to secure a ruling on his motion, we find that Smith's claims of double jeopardy and ineffective assistance of counsel are procedurally barred from our review.

¶12. Turning to his remaining PCR claim, Smith argues that his ten-year sentence for his Jackson County armed robbery conviction had expired. As stated, the trial court ordered that Smith's ten-year sentence for armed robbery was to run concurrently with Smith's seven-year sentence for burglary of a business and consecutive to Smith's life sentence for possession of a controlled substance.

¶13. In its order denying Smith's PCR motion, the trial court found that Smith's ten-year sentence had not expired. The trial court explained as follows:

> Part of Smith's sentence was to be served concurrently with Harrison County Cause Number 20,493 [(burglary of a business)]. After the sentence in Harrison County Cause Number 20,493 expired, Smith had three (3) years remaining on . . . [his armed robbery] sentence[, w]hich was to run

5

*consecutively* with his sentence in Harrison County Cause Number 20,705 [(possession of a controlled substance)]. The remaining three (3) years would not begin to run until after completion of his life sentence in Harrison County Cause Number 20,705.

¶14. In *Smith*, 2018 WL 718433, at *1, we addressed a similar claim by Smith where he argued that his fifteen-year sentence for an armed robbery conviction in Forrest County had expired. This Court held that "[b]ecause Smith's fifteen-year sentence is being served consecutively to a prior life sentence, he cannot successfully argue that his sentence is expired." *Id*. at (¶5). This Court also held that although cases where a petitioner claims that his sentence has expired are excepted from the three-year time limit for filing PCR motions, Smith cannot successfully argue that his sentence is expired since his sentence is being served consecutively to a prior life sentence. *Id*.; Miss. Code Ann. § 99-39-5(2)(b) (Rev. 2015). This Court further found that Smith's claims amounted to nothing more than "mere assertions" of constitutional-rights violations. *Id*. at (¶6) ("[M]ere assertions of constitutional-rights violations do not suffice to overcome the procedural bar[s]" of the Uniform Post[]Conviction Collateral Relief Act.). Therefore, Smith's claim of an expired sentence was time-barred. *Id*.

¶15. For these same reasons, we similarly find that Smith's present claim of an expired sentence is time-barred and without merit. We therefore affirm the trial court's denial of Smith's PCR motion.

¶16. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**